UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BYRON ANTHONY WRIGHT, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:10CV02329 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Movant Byron Anthony Wright's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1], which was filed with this Court on December 13, 2010. The Government filed its Response on March 8, 2011 [doc. #5], and Movant replied on March 18, 2011 [doc. #6].

**I.   BACKGROUND**

On March 5, 2009, Movant Byron Anthony Wright ("Movant") was charged in an indictment for intent to distribute fifty or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count One), possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count Two), and drug trafficking forfeiture in violation of 21 U.S.C. § 853 (Count Three). A superseding indictment was filed on May 14, 2009 [doc. #26], wherein Movant was additionally charged with one count of possession of a firearm in furtherance of a drug trafficking offense in violation of 21 U.S.C. 924(c)(1)(A) (Count Four).

On December 2, 2009, Movant pled guilty, pursuant to a plea agreement, to possession with intent to distribute fifty or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and to drug trafficking forfeiture in violation of 21 U.S.C. § 853. The Court sentenced

Movant to the statutory mandatory minimum sentence of 120 months to be followed by five years of supervised release.

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("FSA"), which amended 21 U.S.C. § 841(b)(1). Among other things, the FSA adjusts upward the amount of cocaine base necessary to trigger a mandatory minimum sentence. *See United States v. Orr*, 636 F.3d 944, 957 (8th Cir. 2011) (explaining the effect of the FSA). Prior to the passing of the FSA, possession of 50 grams of crack cocaine would generate a minimum sentence of 120 months imprisonment. The FSA, however, amended 21 U.S.C. § 841(b)(1) so that possession of 280 grams of crack cocaine is necessary to generate a minimum sentence of 120 months. 21 U.S.C. § 841(b)(1)(A). The current penalty for a defendant who possesses 50 or more grams of crack cocaine is imprisonment of not less than five years and not more than 40 years. 21 U.S.C. § 841(b)(1)(B)(iii).

In his Motion under § 2255, Movant asks this Court to vacate his previous sentence and sentence him in accordance with the new statutory minimums under the FSA. Movant claims that the continued application of the pre-FSA sentencing guidelines to those sentenced and convicted prior to the FSA's enactment is unconstitutional. Movant also alleges he was subjected to ineffective assistance of counsel in violation of his Sixth Amendment right to counsel, as a result of his counsel not arguing that the application of the pre-FSA sentencing guidelines was unconstitutional.

## II.  STANDARD OF REVIEW

A federal prisoner who seeks relief from a sentence under 28 U.S.C. § 2255 on grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in

excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). To obtain relief under § 2255, the movant must establish a violation constituting "a fundamental defect which inherently results in a miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a § 2255 motion unless the movant establishes "(1) cause for default and actual prejudice or (2) actual innocence." *United States v. Moss*, 255 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

### III. DISCUSSION

#### A. RIGHT TO EVIDENTIARY HEARING

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is

inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary. *See Id.*

### B. THE FAIR SENTENCING ACT OF 2010

Movant contends that the FSA should be applied retroactively to his sentence because: 1) Congress intended the FSA to be retroactive; and 2) the application of the pre-FSA sentencing guidelines is unconstitutional. Leaving aside the issue of whether this claim is foreclosed by the waiver of post-conviction rights in Movant's plea agreement, Movant's claim must be denied because he is not entitled to resentencing under the FSA.

#### *1. Congressional Intent on the Retroactivity of the Fair Sentencing Act*

In order to determine if a statutory amendment is to be applied retroactively, courts must first look to the Congressional intent in enacting the amendment. *Landgraf v. USI Film Prods*, 511 U.S. 244, 280 (1994). Movant claims that it was Congress's intent in enacting the FSA that it should apply retroactively. To support his assertion, Movant cites to two decisions by district courts outside of the Eighth Circuit. S*ee United States v. Perry,* 389 F. Supp.2d 278 (D.R.I. 2005); *United States v. Smith*, 359 F.Supp.2d 771 (E.D. Wis. 2005). Movant also cited *United States v. Clary*, a 1994 decision of this court that was later overturned by the Court of Appeals. 846 F.Supp. 768 (E.D. Mo. 1994). However, Movant's arguments are contradicted by Eighth Circuit precedent.

The FSA acts as a partial repeal of, or amendment to, the Controlled Substances Act, *see Orr*, 636 F.3d at 958, and the federal Savings Statute, 1 U.S.C. § 109, which provides that "[t]he repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or

4

liability incurred under such statute, unless the repealing Act shall so expressly provide . . . ." The FSA is silent on retroactivity, and as a result, the Eighth Circuit has repeatedly held that it may not be applied retroactively. *See, e.g.*, *id.*; *United States v. Smith*, 632 F.3d 1043, 1047-49 (8th Cir. 2011); *United States v. Brewer*, 624 F.3d 900, 909 n.7 (8th Cir. 2010). The Eighth Circuit's finding in *United States v. Brown* also forecloses the argument that the FSA may be applied retroactively. 2010 WL 3958760 (8th Cir. Oct. 12, 2010). As the Eighth Circuit noted in *Brown*, the general savings statute "requires application of penalties in place at time [the] crime was committed unless [the] new enactment expressly provides for its own retroactive application." *Brown*, 2010 WL 3958760, at *1 (citing *United States v. Carradine*, 621 F.3d 575, 579–81 (6th Cir. 2010). This court notes, as the Court did in *Brown*, that the FSA is without any express language that it is retroactive. *Brown*, 2010 WL 3958760, at *1. Despite statements made by members of Congress, which Movant suggests portray Congress' intent to have the FSA apply retroactively, no Congressional intent to make the FSA retroactive can be read from the plain language of the statute. Consequently, Movant's argument must fail.[1]

Further, the cases cited by Movant are unpersuasive. *Holland* is distinguishable from Movant's case, as the Appellant there had yet to be sentenced when the Fair Sentencing Act was enacted, whereas here, Movant was sentenced eight months prior to its enactment. *See United States v. Holland*, 2011 WL 98313, at *1 (D. Neb. Jan. 10, 2011). As noted by Movant, the district court decision in *Clary* was overturned by the Eighth Circuit. *See United States v. Clary*,

---

[1] This finding is consistent with the holdings of other Circuits that have addressed this issue. *See United States v. Glover*, 2010 WL 4250060, *3 (2nd. Cir. Oct. 27, 2010); *United States v. Carradine*, 621 F.3d 575, 579-581 (6th Cir. 2010); *United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010); *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010).

34 F.3d 709, 712 (8th Cir. 1994). The Court, therefore, finds that Movant's arguments based on these cases are without merit.

### 2. *Constitutionality of the Application of Pre-FSA Sentencing Guidelines*

Movant also argues that his sentence was imposed in violation of the Equal Protection Clause of the United States Constitution. This argument is contradicted by precedent set by the Eight Circuit, which has consistently found the Pre-FSA guidelines to be constitutional, indeed in many of the very cases cited by Movant. *See United States v. Watts*, 553 F.3d 603, 604 (8th Cir. 2009) ("[T]he Equal Protection Clause was not violated because there was no evidence of a racially discriminatory motive - even after noting the percentage of African-Americans sentenced under the mandatory minimum [of the original sentencing guidelines.]"); *United States v. McLellon*, 578 F.3d 846, 861 (8th Cir. 2009); and *United States v. Clary*, 34 F.3d 709, 712 (8th Cir. 1994) ("Congress clearly had rational motives for creating the distinction between crack and powder cocaine."). These holdings, as well as the Eighth Circuit's confirmation that the new sentencing ratio would not apply retroactively to those sentenced or convicted prior to its enactment, *see Brown*, 2010 WL 3958760 at *1, establish that the application of the pre-FSA sentencing guidelines is not unconstitutional.

As previously discussed, Movant has also pointed to the statements of several members of the United States Congress explaining the rationale for the passing of the FSA, which he characterizes as asserting the "unconstitutionality" of the pre-Act sentencing guidelines. *See Holland,* 2011 WL 98313, at *4–6 (D. Neb. Jan. 10, 2011) (collecting the statements of Congresspersons regarding the FSA). These statements do not rise to the level of establishing unconstitutionality, and Movant's claim must fail.

### 3. *Recent Activity by the United States Sentencing Commission*

The Court recognizes that the United States Sentencing Commission has recently voted to give retroactive effect to its proposed permanent amendment to the United States Sentencing Guidelines implementing the FSA, but such retroactivity will not take effect until November 1, 2011 and is still subject to congressional action disapproving the amendment. Furthermore, it appears that any resentencing that might occur due to the Commission's decision will take place in the context of the underlying criminal case, pursuant to 18 U.S.C. § 3582(c)(2) – that is, not through a motion under § 2255. As such, and due to the Eighth Circuit's previous and express findings that the FSA should not apply retroactively, Movant's claim must fail and will therefore be dismissed without an evidentiary hearing. *See Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994).

## C. INEFFECTIVE ASSISTANCE OF COUNSEL

A claim alleging a violation of the Sixth Amendment right to effective assistance of counsel may be raised for the first time in a § 2255 motion, regardless of whether the claim could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception to the general procedural default rule exists to prevent movants from being forced "to raise the issue before there has been an opportunity fully to develop the factual predicate for the claim." *Id.* Furthermore, a movant's attorney may serve as counsel both at the trial and appellate levels of the case, because it is unlikely that the attorney would claim his own ineffective assistance on appeal. *See* 3 Charles Alan Wright, Nancy J. King & Susan R. Klein, *Federal Practice and Procedure* § 594.1, at 710 (3d ed. 2004). Demonstrating ineffective assistance of counsel will normally satisfy the cause for default and actual prejudice requirements necessary to raise a constitutional issue for the first time in a § 2255 motion. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Establishing ineffective assistance of counsel, however, is "a heavy

7

burden." *Id.*

To prove ineffective assistance of counsel, a movant must demonstrate: (1) that her counsel's performance was deficient due to "errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," and (2) that this "deficient performance prejudiced the defense" because "counsel's errors were so serious" they deprived movant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1987). The Supreme Court has held that this two-part test also applies in situations, as in the present case, where a movant raises ineffective assistance of counsel claims after entering a guilty plea instead of proceeding to trial. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). However, both prongs of the test must be satisfied in order for the claim to succeed, and if a movant fails to make a sufficient showing under one prong, the court need not address the other. *Strickland*, 466 U.S. at 697; *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) (citing *United States v. Flynn*, 87 F.3d 996, 1000 (8th Cir. 1996)).

The Court will first consider whether the performance by Movant's counsel was deficient to such an extent that it deprived Movant of the right to counsel as guaranteed by the Sixth Amendment. When evaluating the attorney's performance, the Court applies "an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Movant bears the burden of proving counsel's performance was unreasonable, considering all of the circumstances. *Id.* There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Movant asserts that he received ineffective assistance of counsel in violation of his Sixth Amendment right to counsel when his attorney declined to argue that the continued application of pre-FSA sentencing guidelines is unconstitutional. Movant cites two cases from other jurisdictions to support his assertion that his counsel should have raised the

8

constitutional question. *See United States v. Perry*, 389 F. Supp.2d 278 (D.R.I. 2005); *United States v. Smith*, 359 F.Supp.2d 771 (E.D. Wis. 2005). As the government points out, however, there is no lawful reason for counsel to have thought the district court would adopt these holdings. Failure to rely on and proffer these cases does not warrant a finding that his performance was deficient.

Further, the *Perry*, *Smith*, and *Clary* cases, upon which Movant asserts his counsel should have relied were all rejected by subsequent Eighth Circuit decisions. The district court's decision in *Clary* was expressly overturned by the Eighth Circuit. *See United States v. Clary*, 34 F.3d 709, 712 (8th Cir. 1994). As discussed above, both the *Watts* and *McClellon* decisions, decided before Movant's sentence, held the pre-FSA sentencing ratio to be constitutional. *See United States v. Watts*, 553 F.3d 603, 604 (8th Cir. 2009); *United States v. McClellon*, 578 F.3d 846, 861 (8th Cir. 2009). Movant's arguments are therefore not capable of defeating the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Consequently, because the Court cannot find that counsel's performance was deficient, based on this argument, Movant's claim must fail.

Movant additionally claims his counsel should have argued that the statements of the Sentencing Commission regarding the pre-FSA ratio, demonstrated its unconstitutionality. However, at the time of Movant's sentencing, the Eighth Circuit had already rejected such an argument. *See Watts*, 553 F.3d at 604–05 ("[W]hile there is proposed legislation in Congress that may remedy the problems in question, these actions remain mere proposals, and it is not the province of this court to anticipate and implement what may or may not occur in Congress."). The arguments Movant asserts his counsel should have made were previously addressed and

rejected by Eighth Circuit precedent existing at the time of his sentencing. Movant has not met his burden of demonstrating that his counsel's performance was deficient.

To satisfy the prejudice requirement in the present case, Movant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. As the Court has already determined that Movant has failed to show that his Counsel's performance was deficient, the Court need not consider the prejudice requirement. *Strickland*, 466 U.S. at 697.

## IV.   CERTIFICATE OF APPEALABILITY

The Court finds that Movant has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can be issued. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Movant's § 2255 Motion.

## V.   CONCLUSION

Movant is not entitled to have his sentence vacated and be resentenced under the FSA because Movant has not demonstrated that Congress intended the FSA to be retroactive or that the application of the pre-FSA sentencing guidelines is unconstitutional. Further, the Motion, files, and records in this case do not support Movant's claims of ineffective assistance of counsel, and therefore, an evidentiary hearing is not required. Movant is unable to prove that his

counsel's performance did not meet an objective standard of reasonableness and resulted in prejudice. Such failure is fatal to his ineffective assistance of counsel claims.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Byron Anthony Wright's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's § 2255 Motion.

Dated this 20th Day of July, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE