UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BYRON ANTHONY WRIGHT, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:10CV02329 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

The matter comes before the Court on Movant Byron Anthony Wright's Motion for Reconsideration of Denial of Defendant's 28.2255 Motion and Certificate of Appealability [doc. # 9].

**I.     BACKGROUND**

On March 5, 2009, Movant Byron Anthony Wright ("Movant") was charged in an indictment for intent to distribute fifty or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count One), possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count Two), and drug trafficking forfeiture in violation of 21 U.S.C. § 853 (Count Three).  A superseding indictment was filed on May 14, 2009 [doc. #26], wherein Movant was additionally charged with one count of possession of a firearm in furtherance of a drug trafficking offense in violation of 21 U.S.C. 924(c)(1)(A) (Count Four).

On December 2, 2009, Movant pled guilty, pursuant to a plea agreement, to possession with intent to distribute fifty or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and to drug trafficking forfeiture in violation of 21 U.S.C. § 853.  The Court sentenced

Movant to the statutory mandatory minimum sentence of 120 months to be followed by five years of supervised release.

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("FSA"), which amended 21 U.S.C. § 841(b)(1). Among other things, the FSA adjusts upward the amount of cocaine base necessary to trigger a mandatory minimum sentence. *See United States v. Orr*, 636 F.3d 944, 957 (8th Cir. 2011) (explaining the effect of the FSA). Prior to the passing of the FSA, possession of 50 grams of crack cocaine would generate a minimum sentence of 120 months imprisonment. The FSA, however, amended 21 U.S.C. § 841(b)(1) so that possession of 280 grams of crack cocaine is necessary to generate a minimum sentence of 120 months. 21 U.S.C. § 841(b)(1)(A). The current penalty for a defendant who possesses 50 or more grams of crack cocaine is imprisonment of not less than five years and not more than 40 years. 21 U.S.C. § 841(b)(1)(B)(iii).

On December 13, 2010, Movant filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1]. In his Motion under § 2255, Movant asked this Court to vacate his previous sentence and sentence him in accordance with the new statutory minimums under the FSA. Movant claimed that the continued application of the pre-FSA sentencing guidelines to those sentenced and convicted prior to the FSA's enactment is unconstitutional. Movant also alleged he was subjected to ineffective assistance of counsel in violation of his Sixth Amendment right to counsel, as a result of his counsel not arguing that the application of the pre-FSA sentencing guidelines was unconstitutional.

On July 20, 2011, the Court concluded in its Memorandum and Order [doc. # 7] that Movant was not entitled to have his sentence vacated and be resentenced under the FSA because

Movant has not demonstrated that Congress intended the FSA to be retroactive or that the application of the pre-FSA sentencing guidelines is unconstitutional. Further, the Motion, files, and records in this case did not support Movant's claims of ineffective assistance of counsel, and therefore, an evidentiary hearing was not required. Movant was unable to prove that his counsel's performance did not meet an objective standard of reasonableness and resulted in prejudice. Such failure was fatal to Movant's ineffective assistance of counsel claims. The Court accordingly denied Movant's Motion and additionally ordered that the Court shall not issue a certificate of appealability as to any claim raised in Movant's § 2255 Motion. Movant then filed this pending Motion for Reconsideration on July 28, 2011.

## II. DISCUSSION

A "motion to reconsider" is not explicitly contemplated by the Federal Rules of Civil Procedure. Typically, courts construe a motion to reconsider as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Motions filed under Federal Rule of Civil Procedure 59(e) "serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988)). "It is not appropriate to use a Rule 59(e) motion to repeat arguments or to raise new arguments that could have been made before judgment." *In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*, 174 F.R.D. 444, 446 (E.D. Mo. 1997) (internal quotations omitted); *see also Innovative Home Health Care*, 141 F.3d at 1286 ("Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment."). Rather, "'Federal Rule of

Civil Procedure 59(e) provides a means to support reconsideration [by the court] of matters properly encompassed in a decision on the merits. Under [R]ule 59(e), the court may consider issues previously before it, and generally may examine the correctness of the judgment itself.'" *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 620 (8th Cir. 2009) (quoting *Ray E. Friedman & Co. v. Jenkins*, 824 F.2d 657, 660 (8th Cir. 1987)) (first alteration in original). "[T]he Rule was adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982) (internal quotations and alterations omitted). "'A district court has broad discretion in determining whether to grant a motion to alter or amend judgment.'" *Global Network Techs., Inc. v. Reg'l Airport Auth. of Louisville & Jefferson County*, 122 F.3d 661, 665 (8th Cir. 1997) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988)).

Courts can also construe a motion to reconsider as a motion for relief from a final judgment, order, or proceeding under Fed. R. Civ. P. 60(b). Rule 60(b) allows relief from an order due to:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier

judgment that has been reversed or vacated; or applying it prospectively is no longer

equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

While Movant does not state whether he is bringing the Motion pursuant to Rule 59(e) or Rule 60(b), the Court will consider the Motion as if it were filed under the catch-all provision contained in Rule 60(b)(6), due to the general nature of Movant's request for reconsideration. Rule 60(b)(6) provides that relief may be granted for "any other reason that justifies relief." The Court notes that relief under "Rule 60(b) is an extraordinary remedy" that is "justified only under 'exceptional circumstances.'" *Prudential Ins. Co. of America v. National Park Med. Ctr., Inc.*, 413 F.3d 897, 903 (8th Cir. 2005) (quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999)). Further, "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005).

The Court begins by noting that the Rule 60(b)(6) catch-all provision is not a vehicle for setting forth arguments that were made or could have been made earlier in the proceedings. *See Broadway v. Norris*, 193 F.3d 987, 989-90 (8th Cir. 1999) ("In their 'motion for reconsideration,' defendants did nothing more than reargue, somewhat more fully, the merits of their claim of qualified immunity. This is not the purpose of Rule 60(b) . . . . It is not a vehicle for simple reargument on the merits.").

Each of the grounds raised by Petitioner as the basis for his Motion arises out of the

Court's rejection of his claims contained in his § 2255 Motion. Movant does not present any arguments that were not previously considered by this Court. Movant argues that the Court should have decided his case based on *United States v. Clary*, 846 F. Supp. 768 (E.D. Mo. 1994) and should not have relied on *United States v. Watts*, 553 F.3d 603 (8th Cir. 2009) and *United States v. McClellon*, 578 F.3d 846 (8th Cir. 2009) in upholding his sentence. Movant further states his belief for why the Eighth Circuit was incorrect in overturning *Clary*. This is one of the same issues that was before the Court in Movant's § 2255 Motion (Order, doc. # 7, pgs. 4-6, 9). In his § 2255 Motion, Movant argued that his sentence was imposed in violation of the Equal Protection Clause of the United States Constitution. As the Court discussed in its July 20, 2011 Memorandum and Order, *Clary* was overturned by the Eighth Circuit Court of Appeals, and Movant's arguments were without merit because they were contradicted by Eighth Circuit precedent upholding the constitutionality of Movant's sentence. *Id.* Specifically, the Court stated that "precedent set by the Eighth Circuit . . . has consistently found the Pre-FSA guidelines to be constitutional, indeed in many of the very cases cited by Movant." *Id.* at 6. The Court is obligated to follow such precedent.

Movant further appears to make an ineffective assistance of counsel argument in the pending Motion by stating that attorneys are incorrectly arguing their "unconstitutionality arguments to show Congress['] racially motivated intentions" involving the differentiated treatment of crack cocaine and powder cocaine. In its Memorandum and Order, the Court found that Movant failed to show his counsel's performance was deficient, and "[t]he arguments Movant asserts his counsel should have made were previously addressed and rejected by Eighth Circuit precedent existing at the time of his sentencing." *Id*. at 9-10. Because Movant is merely

setting forth arguments that were made or could have been made earlier in the proceedings, the Court, therefore, finds that Movant has not demonstrated justification for the "extraordinary remedy" of granting Defendants' requested relief pursuant to Rule 60(b).[1]  For the foregoing reasons, the Court declines to provide any further clarification on this matter.

## III.    CONCLUSION

In summary, the Court finds that Movant has failed to demonstrate that "exceptional circumstances" exist such that relief from this Court's July 20, 2011 Memorandum and Order would be justified under Rule 60(b).  *Prudential Ins. Co. of America v. National Park Med. Ctr., Inc.,* 413 F.3d 897, 903 (8th Cir. 2005).  "'Exceptional circumstances' are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at."  *Atkinson v. Prudential Property Co.*, 43 F.3d 367, 373 (8th Cir. 1994).  Thus, Movant's Motion for Reconsideration of Denial of Defendant's 28.2255 Motion and Certificate of Appealability [doc. # 9] will be denied and the Court's July 20, 2011 Order will stand.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion for Reconsideration of Denial of Defendant's 28.2255 Motion and Certificate of Appealability [doc. # 9] is **DENIED**.

Dated this 29th Day of August, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The Court further finds that Defendant's arguments are insufficient to justify relief under Rule 59(e).